13-1612
David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co.

**MANDATE**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of November, two thousand thirteen.

Present: ROSEMARY S. POOLER,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges*.

_____

DAVID LERNER ASSOCIATES, INC.,

*Plaintiff-Appellant*,

-v-                                                                           13-1612-cv

PHILADELPHIA INDEMNITY INSURANCE COMPANY,

*Defendant-Appellee*.

_____

Appearing for Appellant:   Kenneth I. Schacter, Bingham McCutchen LLP (Deana K. El-Mallawany, Dina R. Kaufman, *on the brief*), New York, N.Y.

Appearing for Appellee:   Kirk C. Jenkins, Sedgwick LLP, Chicago, IL (Andrew T. Houghton, Sedgwick LLP, New York, N.Y., *on the brief*).

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

David Lerner Associates, Inc. ("DLA") appeals from the March 29, 2013 memorandum and order of the United States District Court for the Eastern District of New York (Bianco, *J.*), granting the motion to dismiss DLA's complaint alleging breach of contract and seeking a declaratory judgment that Philadelphia Indemnity Insurance Co. ("Philadelphia") is obligated to defend and indemnify DLA against certain complaints asserted against it. *David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co.*, 934 F. Supp. 2d 533 (E.D.N.Y. 2013). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm. The claims for which DLA seeks coverage fall within the professional services exclusion of the policy at issue. Courts defining insurance policy terms should keep in mind that under New York law the "insurance policy should be read in light of common speech and the reasonable expectations of a businessperson." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006). As the district court recognized, the standard test for professional services is whether the employees acted with the "special acumen and training of professionals when they engaged in the acts . . . ." *Gen. Ins. Co. of Am. v. City of N.Y.*, No. 04–Civ–8946, 2005 WL 3535113, at *5 (S.D.N.Y. Dec. 23, 2005); *see also Reliance Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 691 N.Y.S.2d 458, 460 (2d Dept. 1999). Courts applying New York law have found professional services exclusions barred coverage for acts committed by employees of a life insurance company, *Westchester Fire Ins. Co. v. Metro. Life Ins. Co.*, 721 N.Y.S.2d 14, 15 (1st Dept. 2001); a claim "based upon the failure to properly handle an insurance claim," *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ambassador Grp., Inc.*, 556 N.Y.S.2d 549, 553 (1st Dept. 1990); and allegations that the staff of a nursing home falsified patient records. *Hollis Park Manor Nursing Home v. Landmark Am. Ins. Co.*, 803 F. Supp.2d 205, 209 (E.D.N.Y. 2011).

As the district court here properly found, "the actions alleged in the underlying complaints . . . against DLA are 'professional services.' To perform due diligence on [securities] and market those securities, individuals are employed in an occupation, they rely on specialized knowledge or skill, and the skill is mental rather than physical." *DLA*, 934 F. Supp. 2d at 543.

We have examined the remainder of DLA's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2